■ In the Matter of JOSEPH KLAUSZ, Petitioner, v FRANK J. CULROSS, as City Manager of the City of Rye, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review so much of a determination of the respondent city manager, dated March 24, 1980 and made after a hearing, as found petitioner, a patrolman, guilty of certain acts of misconduct and suspended him without pay for five working days. Petition granted to the extent that the determination is modified, on the law, by deleting the finding that petitioner is guilty of Specification No. 1, dismissing that specification, and vacating the penalty imposed. As so modified, determination confirmed insofar as reviewed, without costs or disbursements, proceeding otherwise dismissed on the merits, and matter remitted to the respondent city manager for the imposition of a new penalty. Upon receiving permission to take a coffee break, petitioner, in uniform, parked his patrol car in a no parking zone in front of a barber shop and used his allotted 15 minutes to obtain a haircut. The record establishes that there is no police department rule or regulation defining the range of permissible activities that a police officer may engage in on his break. The only explicit requirement is that an officer notify headquarters and secure permission to take a break; there is no requirement that an officer identify his planned activity for the break. Moreover, the record establishes past practice in that some police officers have utilized their break time for haircuts and such was condoned by the department. Under the circumstances, disciplining an officer for a policy specifically articulated after the fact is unfair and arbitrary. With regard to petitioner's parking in a no parking zone, we find this charge sustained and the matter is remitted for reconsideration of the penalty imposed. Damiani, J.P., Lazer, Gibbons and Cohalan, JJ., concur.